**Lois Mae MILLS, Appellant,**

v.

**Dan HABLUETZEL, Appellee.**

**No. 2683cv.**

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 1983.

Michael Mankins, Coastal Bend Legal Services, Corpus Christi, for appellant.

Lola L. Bonner, Rockport, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is a case to establish that Dan Habluetzel is the natural and legitimate father of A.B.D., a minor child. On October 6, 1978, the Texas Department of Human Resources and Lois Mae Mills filed an original petition to establish the parent-child relationship between Dan Habluetzel and the child. In his original answer, Dan Habluetzel asserted that trial plaintiff's cause of action was barred by limitation under Section 13.01 of the Texas Family Code, as it then existed.

On April 4, 1979, the trial court dismissed with prejudice plaintiff's cause of action as barred by the one year statute of limitations set forth in Section 13.01 of the Texas Family Code, "in that this suit is brought after the child has attained the age of one (1) year, and that there are, therefore, no issues in dispute[.]"

Timely appeal of this dismissal was perfected to this Court, and on January 31, 1980, we affirmed the judgment of the trial court. Timely application for writ of error to the Supreme Court of the State of Texas was "Refused. No Reversible Error," on July 16, 1980, and a timely motion for rehearing was overruled on December 10, 1980.

Timely appeal was perfected to the United States Supreme Court. In *Mills v. Habluetzel*, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), the appeal of this case, the U.S. Supreme Court ruled that the one year limitation under the 1975 enactment of Section 13.01 of the Texas Family Code is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment. The U.S. Supreme Court reversed our decision and judgment of January 31, 1980, and remanded this case to this Court for further proceedings not inconsistent with its opinion.

Appellant, in her supplemental brief, brings forth one point of error. She asks that we remand this case for a new trial.

As the trial court's order of dismissal was based directly upon the one year statute of limitations, and since this statute has now been held to be unconstitutional, we now reverse the trial court's dismissal of this cause of action and remand the case to the 156th Judicial District Court of San Patricio County, Texas, for a new trial pursuant to Texas Rules of Civil Procedure, Rule 434 (1981).

As the issue of any applicable statute of limitation in this type of action is not properly before us in this appeal, we decline to address it at this time.

REVERSED AND REMANDED.